IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00035-WDM-MJW

TRINA L. COFIELD,

Plaintiff,

v.

MARK NEHLER,

Defendant.

---

**RECOMMENDATION**
**THAT THIS ACTION BE DISMISS AND SANCTIONS IMPOSED ON THE PLAINTIFF FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on February 23, 2006. (Docket No. 8).

In an Order Setting Scheduling/Planning Conference filed on March 7, 2006 (Docket No. 9), a Rule 16 scheduling/planning conference was set to be held on April 25, 2006, at 9:00 a.m. The pro se plaintiff moved to continue the conference on the basis that she was in her ninth month of pregnancy and was unable to travel. (Docket Nos. 12 and 15). That motion was granted by this court, but the conference was converted to a status conference, with the plaintiff being permitted to appear by telephone. (Docket No. 14). During that status conference, the scheduling conference was reset to May 17, 2006, at 9:00 a.m., with plaintiff once again to participate by

telephone. (Docket No. 20 - Courtroom Minutes/Minute Order). Plaintiff, however, failed to telephone the court as directed on that date and time and did not submit a confidential settlement statement as directed in the Order Setting Scheduling/Planning Conference. (Docket No. 22 - Courtroom Minutes/Minute Order). The court was unable to reach the plaintiff by telephone at that time but nevertheless proceeded with the scheduling conference and entered a Scheduling Order. (Docket No. 22 and 23). At that time, this court also set a settlement conference for July 18, 2006, at 1:30 p.m., and directed the parties to submit confidential settlement statements by July 13, 2006. (Docket No. 22).

Copies of the Courtroom Minutes/Minute Order and the Scheduling Order (which included a provision of when/where the settlement conference would be held and the due date for confidential settlement statements) were mailed to the plaintiff at the North Carolina address she provided in her Complaint (Docket No. 3). Plaintiff's copies of those documents were not returned to the court by the U.S. Postal Service. The court finds that the plaintiff was provided notice of the July 18, 2006, settlement conference.

Defense counsel and a representative for the defendant appeared on July 18, 2006, at 1:30 p.m., as directed for the settlement conference. Plaintiff, however, failed to appear as ordered, and she failed to submit an updated confidential settlement statement. She did not move for a continuance of the conference, nor did she even telephone chambers at the time set for the conference. Counsel has not entered an appearance on plaintiff's behalf. The weather in Denver, Colorado, at the time set for the conference was clear, with the temperature close to 100 degrees. There was no

indication that the airport was closed on that day.

Based upon the above, on July 18, 2006, this court entered an Order to Show Cause (Docket No. 26) directing the plaintiff to appear before this court in person on August 15, 2006, at 9:30 a.m. and show cause (1) why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to prosecute, failure to appear, and failure to comply with court orders, and (2) why the plaintiff should not be directed to pay the reasonable expenses incurred, including attorney fees, by the defendant for his counsel's and representative's appearance at the July 18, 2006, settlement conference. Plaintiff's copy of that Order was not returned by the U.S. Postal Service. The court finds that the plaintiff was provided notice of the August 15, 2006, show cause hearing.

Nevertheless, on August 15, 2006, at 9:30 a.m., the plaintiff once again failed to appear before this court as directed. Plaintiff did not seek a continuance, did not file a written response to the Order to Show Cause, and did not even telephone the court at the time of the conference. The weather on August 15, 2006, was clear and in the 80s, and the Denver airport was open without any major travel problems.

Defense counsel, Patrick T. O'Rourke, Esq., appeared in person for the for the August 15 proceeding. As an officer of the court, Mr. O'Rourke advised the court that plaintiff had not provided him with her Rule 26(a)(1) disclosures as ordered by this court (see Docket No. 23 - Scheduling Order) and has not responded to the defendant's written discovery requests.

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> If a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Furthermore, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

In the Order to Show Cause (Docket No. 26), the plaintiff was put on notice of

the provisions of Rules 16(6), 37(b)(2)(B), (C), (D), and 41(b), including the possibility of dismissal of this action and monetary sanctions. Based upon the plaintiff's repeated failure to appear, repeated failure to comply with this court's orders, and failure to respond to defendant's discovery requests, it is hereby

**RECOMMENDED** that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to prosecute, failure to appear, and failure to comply with court orders, and that the plaintiff be directed to pay the reasonable expenses incurred, including attorney fees, by the defendant for his counsel's and representative's appearance at the July 18, 2006, settlement conference and defense counsel's appearance for the August 15, 2006, show cause hearing.

Dated: August 16, 2006
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge